## HAGAR v. ADAMS et ux.　(No. 6184.)

(Court of Civil Appeals of Texas. Austin.
March 24, 1920.)

**1. Appeal and error ⟨key⟩1001(1)—Verdict supported by evidence not disturbed.**

Verdict supported by evidence will not be disturbed.

**2. New trial ⟨key⟩97—Not granted to procure defendant's testimony at former trial, where plaintiff made no effort to postpone.**

A new trial to permit plaintiff to produce stenographic report of testimony of one of the defendants given at a former trial, which differed with his testimony at the trial, was properly denied, where plaintiff sought no postponement to procure such stenographic report, and not only failed to interrogate defendant as to his former testimony, but did not seek to prove it in any other way.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Action by J. D. Hagar against Mat Adams and wife. From a judgment for defendants, plaintiff appeals. Affirmed.

N. C. Walker, of San Saba, for appellant.
Walters & Baker, of San Saba, for appellees.

JENKINS, J. This suit was brought by appellant to cancel a deed executed by him to appellee. It was alleged that the deed was obtained by fraud. The only allegation of fraud in the petition was that appellee, Mat Adams, had represented to appellant that the deceased wife of appellant had left a will, in which she willed the property in controversy, as well as a house and lot in the town of Richland Springs, to her daughter, the wife of Adams.

The facts in reference to this matter are that at the time of the marriage of Hagar and his deceased wife she had one child. No children were born of this marriage. The deceased wife at that time had $500, and Hagar had $150, which was invested in 160 acres of land in San Saba county. Upon the marriage of the daughter to appellee Adams, Hagar and his wife deeded 80 acres of this 160 acres of land to one Prescott, who paid the consideration therefor to Adams and wife. At the time of the execution of the deed in controversy, appellant was residing on the other 80 acres of this land, and owned a community interest in a house and lot in Richland Springs, worth about $400. Appellant testified that Adams represented to him that his deceased wife had left a will, in which she had devised the 80 acres of land on which he lived, and the house and lot in Richland Springs, to her daughter, the wife of Adams, and that by virtue of this will he could turn him out of house and home, and deprive him of all the property he had. Appellant alleges that he believed this statement, and was induced thereby to execute the deed; that the statement was false, in that his deceased wife left no will. Adams denied making any such statement to appellant.

[1] The case was tried before a jury, who found in favor of appellee. The evidence being sufficient to sustain this finding, we overrule appellant's assignment to the effect that the evidence is insufficient.

[2] Appellant also assigns error upon the refusal of the court to grant him a new trial, in order that he might produce stenographer's notes, taken upon a former trial of this case, in which Adams testified differently from what he testified upon this trial, in that, upon the former trial he stated that he told appellant that he could have obtained a will from his wife's mother, but that he did not do so, in that he was advised that, his wife being the only child, a will was not necessary. On this trial he testified that nothing was said about a will in the conversation referred to. Also upon the former trial he testified that he received $500 from the sale of the 80 acres of land deeded to Prescott by appellant and his deceased wife, and on this trial he testified that he received only $300 for said land.

It appears from the record that the stenographer's notes, taken at the former trial, were at the time of the last trial in Oklahoma, and that they were not received in San Saba until after the jury had returned a verdict herein. However, it does not appear that appellant asked for a postponement or a continuance in order to get the stenographer's notes; nor that he asked Adams as to his former testimony, who might have admitted that he so testified upon the former trial; nor that he sought to prove the testimony of Adams upon the former trial by the jury trying the same, or by the court, or by himself, or by any one else. Such being the fact, the court did not err in refusing to grant a new trial, in order that the stenographer's notes might be read upon another trial.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes